1
2
3
4
5
6
7
8

FILED
CLERK U.S. DISTRICT COURT

APR 2 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

9
10
11
12
13
14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

15  LEVON DAVIS,                          ) Case No. CV 07-7980-SVW (SH)
                                          )
16          Petitioner,                   ) MEMORANDUM AND ORDER
                                          ) DISMISSING PETITION FOR WRIT
17      v.                                ) OF HABEAS CORPUS
                                          )
18  D.K. SISTO, Warden,                   )
                                          )
19          Respondent.                   )
                                          )
20  _____)

21

22                          **I. BACKGROUND**

23          On December 7, 2007, pro se petitioner, in state custody, filed a Petition for

24  Writ of Habeas Corpus by a Person in State Custody ("Petition") herein.  In his

25  Petition, petitioner challenges his 1992 second degree murder conviction in Los

26  Angeles Superior Court (Case No. BA072974).  The Petition alleges the following

27  claims: (1) The trial court failed to instruct the jury with CALJIC Nos. 8.42 and

28  8.44, in violation of petitioner's state and federal constitutional rights to due

1

process; (2) Petitioner received ineffective assistance of counsel based on his trial counsel's failures to call an expert witness, to provide a viable defense, and to investigate a meritorious defense; and (3) The trial court refused to recognize fear and intimidation as part of a meritorious "Battered Women Syndrome" type of defense. (Petition at 5-6, Attachment at 8-19, 21-23).

## II. **DISCUSSION**

On September 9, 1996, petitioner filed a Petition for Writ of Habeas Corpus herein (Case number CV 96-06292-SVW (SH)). In that Petition, petitioner challenged the same 1992 conviction. On April 2, 1997, the district court denied that Petition with prejudice, in accordance with the conclusions and recommendations of the Magistrate Judge. On August 28, 1997, the district court denied petitioner's request for a certificate of appealability. On May 4, 1998, the Ninth Circuit denied petitioner's request for a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

2

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered   previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed

3

1   unless the applicant shows that the claim satisfies the requirements of this
2   section. 28 U.S.C. § 2244.

3   28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the
4   consideration of second or successive applications in district court. The
5   prospective applicant must file in the court of appeals a motion for leave to file a
6   second or successive habeas application in the district court. § 2244(b)(3)(A)."
7   Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

8   The instant Petition is a successive habeas corpus petition. The instant
9   Petition was filed on December 7, 2007, well after the effective date of the AEDPA.
10  Therefore, petitioner was required to obtain authorization from the Court of
11  Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). No such
12  authorization has been obtained in this case. Thus, the Petition should be dismissed
13  for that reason.

14

15                              **III. ORDER**

16  ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.
17  DATED:  _4/24/08_

18

19  _____
20                      STEPHEN V. WILSON    JUDGE
        UNITED   STATES   DISTRICT   JUDGE

21  Presented by:
22  Dated: _12/11/07_

23

24  _____
25      STEPHEN J. HILLMAN
    UNITED STATES MAGISTRATE JUDGE

26

27

28

                                    4